

FILED

4:34 pm, 9/18/20

**Margaret Botkins**
**Clerk of Court**

Freeburg Law, LLC
Alex F. Freeburg, Bar No. 7-5182
Ethan K. Morris, Bar No. 7-6439
PO Box 3442
Jackson, WY 83001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MORGAN MURPHY | |
| Plaintiff, | Case No. 20-CV-179-F |
| vs. | |
| MATTHEW KAUTZ | |
| Defendant. | |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Morgan Murphy, by and through undersigned counsel, and for this *Complaint* against Matthew Kautz, states and alleges as follows:

### INTRODUCTION

1. In January of 2018, Ms. Murphy and Defendant Kautz began dating. Shortly after the two began dating, Ms. Murphy moved to Lander, Wyoming on February 1, 2018. At the time, Defendant Kautz was living in Los Angeles, California. Defendant Kautz traveled to Lander to visit Ms. Murphy in March of 2018. Following his visit, Defendant Kautz applied for and received seasonal employment with National Outdoor Leadership School (NOLS) in Lander. Defendant Kautz moved into a home in Lander with Ms. Murphy on May 1, 2018. Up to this point, the relationship between Ms. Murphy and Defendant Kautz had been relatively normal. Ms. Murphy believed she was dating a well-organized and motivated individual. Defendant Kautz even spoke with Ms. Murphy about getting his EMT license and becoming a firefighter. Defendant Kautz mentioned drug use in the past, but he assured Ms. Murphy that he had cleaned up his act. However, after

Defendant Kautz moved in with Ms. Murphy, things quickly began to spiral out of control. Beginning on May 5, 2018 up to the time Ms. Murphy was rescued from Defendant Kautz at the end of September 2018, Ms. Murphy suffered the wrath of Defendant Kautz. Her experiences ranged from verbal abuse and constant mind games up to and including physical abuse, battery, and rape. As a result of Defendant Kautz's criminal behavior and actions, Ms. Murphy sustained serious physical injury, namely a fractured hand, as well as severe mental and emotional trauma.

## PARTIES, JURISDICTION, & VENUE

2. The events giving rise to this *Complaint* largely occurred in Fremont County, Wyoming.
3. During the events giving rise to this *Complaint*, Plaintiff Morgan Murphy was a resident of Fremont County, Wyoming. Ms. Murphy is currently a resident of California.
4. During much of the events giving rise to this *Complaint*, Defendant Kautz was a resident of Fremont County, Wyoming.
5. To Plaintiff's best information, Defendant Kautz is currently a resident of Arizona.
6. This Court has personal jurisdiction over Defendant Kautz because this action arises out of Defendant's negligent, willful, and wanton acts and/or omissions within Wyoming and affecting Plaintiff. Defendant has sufficient minimum contacts with Wyoming since he lived in Wyoming at the time the negligent, willful, and wanton acts and/or omissions were committed and committed most of the negligent, willful, and wanton acts and/or omissions in Wyoming. This Court's jurisdiction over Defendant is consistent with traditional notions of fair play and substantial justice and the due process clauses of the federal and state constitutions.

## SUBJECT MATTER JURISDICTION

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and Plaintiff and Defendant are citizens of different states.

8. Pursuant to W.S. § 1-3-105:

    (a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

    (iv) Within four (4) years, an action for:

    (C) An injury to the rights of the plaintiff, not arising on contract and not herein enumerated; and

    (v) Within one (1) year, an action for:

    (B) Assault or battery not including sexual assault;

9. Although Ms. Murphy's battery claim is outside the statute of limitations for battery listed in W.S. § 1-3-105(a)(v)(B), the statute of limitations on such battery claim should be tolled pursuant to W.S. § 1-3-116, as Defendant Kautz has been absent from the State of Wyoming.

10. Alternatively, the statute of limitations on Ms. Murphy's battery claim should be equitably tolled, as Ms. Murphy has been subjected to continued threats from Defendant Kautz and has reasonably feared for her safety since the events described below. Ms. Murphy's fear has caused her to delay the filing this *Complaint*.

11. Alternatively, the statute of limitation applicable to Ms. Murphy's battery claim is the sexual assault statute of limitations because Defendant Kautz was sexually motivated in whole or in part when he used physical force to cause harm to Ms. Murphy

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

### *Ms. Murphy and Defendant Kautz start dating and live together in Lander*

13. Ms. Murphy first met Defendant Kautz in September of 2017 while the two were on a NOLS trip in New Zealand.

14. Once the two returned to the United States, Defendant Kautz traveled to visit Ms. Murphy while she was living with her parents in California in December 2017.

15. In January 2018, Ms. Murphy traveled to visit Defendant Kautz at his Los Angeles home and the two began dating shortly thereafter.

16. On February 1, 2018, Ms. Murphy moved to Lander, Wyoming. At the time, Defendant Kautz was still living in Los Angeles, California.

17. In March of 2018, Defendant Kautz traveled to Lander to visit Ms. Murphy.

18. On May 1, 2018, Defendant Kautz began living with Ms. Murphy in Lander.

### *Defendant Kautz begins to abuse Ms. Murphy*

<u>May 5, 2018 – Defendant Kautz becomes enraged at Ms. Murphy for no apparent reason</u>

19. On May 5, 2018, Defendant Kautz became extremely intoxicated and started screaming at Ms. Murphy for no apparent reason.

20. During this episode, he lunged at Ms. Murphy with a closed fist as if he was going to punch her, but he did not make contact.

21. This became a regular action of Defendant Kautz toward Ms. Murphy.

22. Ms. Murphy was ultimately able to calm Defendant Kautz down when she explained that he would not be permitted to live with her if he continued to act this way, and Defendant Kautz apologized for his outburst.

### May 24, 2018 – Defendant Kautz punches Ms. Murphy in the stomach

23. On May 24, 2018, Defendant Kautz again became extremely intoxicated and once again got angry with Ms. Murphy for no apparent reason.

24. Defendant Kautz did his usual lunge at Ms. Murphy with a closed fist, but this time he punched her in the stomach so hard that he sprained his wrist.

25. Defendant Kautz went to the doctor's office for his injury and got a Velcro brace to wear on his left wrist.

### May 28, 2018 – Defendant Kautz punches Ms. Murphy and fractures her hand

26. On May 28, 2018, Defendant Kautz and Ms. Murphy were both at home when Defendant Kautz began texting Ms. Murphy.

27. Defendant Kautz sent Ms. Murphy 12 separate text messages over a seven-minute span. The texts were incoherent, and Ms. Murphy got the impression that Defendant Kautz was angry at her.

28. Ms. Murphy verbally told Defendant Kautz to stop talking to her because she had to work the next morning and wanted to go to bed. She went to the bedroom and closed the door.

29. Ms. Murphy was laying on the bed trying to fall asleep when Defendant Kautz flung the door open with his fist already clenched.

30. Defendant Kautz came into Ms. Murphy's bedroom to initiate sex. She drew her knees against herself, and Defendant Kautz attempted to punch her in the knee with his right hand, as his dominant left hand was still in a brace from the May 24, 2018 incident.

31. Ms. Murphy raised her hand to protect her knee from being punched and Defendant Kautz instead punched Ms. Murphy's raised hand.

32. Defendant Kautz was sexually motivated when he punched Ms. Murphy's raised hand.




33. Ms. Murphy experienced immediate and severe pain in her hand. The pain was so intense that she started crying and actually vomited.
34. Defendant Kautz quickly began blaming Ms. Murphy for the attack and told her that she got hurt because "she was being a stupid bitch."
35. Defendant Kautz urged Ms. Murphy not to tell anyone about the incident.
36. Ms. Murphy calmed down, iced her hand, and went to bed. She went to work the next day but was unable to write. She went to urgent care on May 30, 2018 for treatment.

<u>June 2018 – Defendant Kautz subjects Ms. Murphy to degrading/unwanted sexual acts</u>

37. In September of 2018, Defendant Kautz began to engage in extremely degrading and unwanted sexual acts toward Ms. Murphy including urinating on her and spitting on her.
38. During one instance, Ms. Murphy awoke to Defendant Kautz masturbating over her.
39. These incidents escalated in July of 2018 shortly after Ms. Murphy had surgery on her broken hand and continued until Defendant Kautz moved out of the home.

<u>July 2018 – Defendant Kautz strangles Ms. Murphy until she passes out</u>

40. In July of 2018, Defendant Kautz became angry with Ms. Murphy while the two were in the front room of the home they were sharing.
41. Defendant Kautz grabbed Ms. Murphy by the neck and began to strangle her until she passed out.
42. When Ms. Murphy regained consciousness, she awoke to what appeared to be Defendant Kautz on the phone with police.
43. Defendant Kautz stated that Ms. Murphy had attacked him and he explained that he strangled her into submission out of self-defense.

44. When Defendant Kautz realized that Ms. Murphy was awake, he smiled and told her that he was not actually on the phone with police, but if she were to ever call the police that would be the story he would tell.

45. Following this episode, Defendant Kautz had sex with Ms. Murphy against her will.

<u>August 2018 – Defendant Kautz threatens Ms. Murphy/takes nude photos without her consent</u>

46. In August of 2018, Defendant Kautz began making threats to Ms. Murphy that he would call her workplace and make false complaints against her.

47. Defendant Kautz also began entering the bathroom while Ms. Murphy was in the shower and took nude photographs of her without her knowledge or consent.

48. Ms. Murphy found multiple nude photos of herself on her own phone which were taken by Defendant Kautz.

49. Upon information and belief, Defendant Kautz took additional photographs with his own phone.

50. At the end of August, Defendant Kautz's seasonal employment ended.

51. Upon information and belief, Defendant Kautz was not re-hired at NOLS because he began to show aggression to co-workers and he was drinking on the job.

<u>September 2018 – Defendant Kautz's parents travel to Lander to take him back to Arizona</u>

52. At the end of September 2018, Ms. Murphy finally had enough, so she contacted each of Defendant Kautz's parents to ask them to take their son away.

53. On September 21, 2018, after receiving Ms. Murphy's call, Defendant Kautz's father, Dan Kautz ("Mr. Kautz"), traveled to Wyoming to pick up Defendant Kautz and the two traveled back to Mr. Kautz's residence in Arizona.

54. After Defendant Kautz moved back to Arizona, he contacted Ms. Murphy numerous times through text messages and phone calls.

55. Defendant Kautz made threats of violence and also discussed hurting himself.

56. Ms. Murphy was afraid of Defendant Kautz and filed a Petition for Order of Protection on May 17, 2019 in Albany County, Circuit Court, DR-2019-19. Defendant Kautz stipulated to an Order of Protection, which was entered May 28, 2019. However, Defendant Kautz was not present in Wyoming at any time during the protection order hearing; instead, he appeared through an attorney and acknowledged receipt of the order on May 29, 2019.

### FIRST CLAIM: BATTERY AND/OR SEXUAL ASSAULT

57. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

58. In Wyoming, a person is guilty of battery if he intentionally, knowingly or recklessly causes bodily injury to another person by use of physical force.

59. Defendant Kautz committed the offense of battery against Ms. Murphy when he intentionally, knowingly, or recklessly caused bodily injury to Ms. Murphy by:
    a. Punching Ms. Murphy in the stomach on May 24, 2018;
    b. Punching Ms. Murphy on May 28, 2018 and thereby fracturing her hand; and
    c. Other intentional actions.

60. In the alternative, Defendant Kautz was sexually motivated when he came into Ms. Murphy's bedroom and broke her hand on May 28, 2019, thereby making that battery also a sexual assault.

61. As a direct and proximate result of the battery committed by Defendant Kautz, Ms. Murphy suffered severe injury and harm and is entitled to general and special damages, as further set forth herein.

### SECOND CLAIM: STRANGULATION OF A HOUSEHOLD MEMBER

62. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

63. In Wyoming, a person is guilty of strangulation of a household member if he intentionally and knowingly or recklessly causes or attempts to cause bodily injury to a household member by impeding the normal breathing or circulation of blood by applying pressure on the throat or neck of the household member.

64. In July of 2018, Defendant Kautz committed the offense of strangulation of a household member when he impeded Ms. Murphy's normal breathing and circulation of blood by applying pressure on her throat and neck, causing her to lose consciousnesses.

65. Defendant Kautz and Ms. Murphy were household members at the time the offense was committed, as they were sharing common living quarters and were in a relationship.

66. As a direct and proximate result of the strangulation committed by Defendant Kautz, Ms. Murphy suffered severe injury and harm and is entitled to general and special damages, as further set forth herein.

### THIRD CLAIM: HARASSMENT

67. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

68. In Wyoming, a person is liable for harassment when such person engages in a course of conduct, including but not limited to verbal threats, written threats, lewd or obscene statements or images, vandalism or nonconsensual physical contact, directed at a specific person and that person knew or should have known his action would cause (a) a reasonable person to suffer substantial emotional distress, (b) a reasonable person to suffer substantial fear for their safety or the safety of another person; or (c) a reasonable person to suffer substantial fear for the destruction of their property.

69. Defendant Kautz committed the offense of harassment against Ms. Murphy when he engaged in a course of conduct, including but not limited to verbal threats, written threats, lewd or obscene statements or images, vandalism or nonconsensual physical contact, directed at a Ms. Murphy by:
    a. Lunging at Ms. Murphy with a closed fist on numerous occasions;
    b. Punching Ms. Murphy in the stomach on May 24, 2018;
    c. Punching Ms. Murphy on May 28, 2018 and thereby fracturing her hand;
    d. Having sex with Ms. Murphy against her will;
    e. Engaging in extremely degrading and unwanted sexual acts toward Ms. Murphy including urinating on her, spitting on her, and masturbating over her while she was asleep;
    f. Taking nude photographs of Ms. Murphy in the shower without her knowledge or consent;
    g. Threatening Ms. Murphy that he would call her workplace and make false complaints against her;
    h. Strangling Ms. Murphy and making an apparent false report to police that he did so in self defense;
    i. Other intentional or reckless actions.
70. Defendant Kautz knew or should have known that his actions would cause Ms. Murphy to suffer substantial emotional distress and substantial fear for her safety.
71. Furthermore, Ms. Murphy did in fact suffer substantial emotional distress and substantial fear for her safety as a direct and proximate result of the actions of Defendant Kautz, and she is entitled to general and special damages as further set forth herein.

**FOURTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

72. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

73. In Wyoming, one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is liable for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

74. Defendant Kautz intentionally or recklessly caused severe emotional distress to Ms. Murphy by:
    a. Lunging at Ms. Murphy with a closed fist on numerous occasions;
    b. Punching Ms. Murphy in the stomach on May 24, 2018;
    c. Punching Ms. Murphy on May 28, 2018 and thereby fracturing her hand;
    d. Having sex with Ms. Murphy against her will;
    e. Engaging in extremely degrading and unwanted sexual acts toward Ms. Murphy including urinating on her, spitting on her, and masturbating over her while she was asleep;
    f. Taking nude photographs of Ms. Murphy in the shower without her knowledge or consent;
    g. Threatening Ms. Murphy that he would call her workplace and make false complaints against her;
    h. Strangling Ms. Murphy and making an apparent false report to police that he did so in self defense;
    i. Other intentional or reckless actions.

75. As a direct and proximate result of the intentional and reckless actions committed by Defendant Kautz, Ms. Murphy suffered severe injury and harm and is entitled to general and special damages, as further set forth herein.

## FIFTH CLAIM: VOYUERISM

76. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

77. In Wyoming, a person is guilty of voyeurism if he, without the consent of the person being viewed, looks in a clandestine, surreptitious, prying or secretive nature into an enclosed area where the person being viewed has a reasonable expectation of privacy and such person knowingly or intentionally captures an image of the person being viewed by means of a camera, a video camera or any other image recording device.

78. Defendant Kautz committed the offense of voyeurism when he entered the bathroom in the home he shared with Ms. Murphy in a clandestine, surreptitious, prying or secretive nature and knowingly and intentionally took nude photographs of Ms. Murphy in the shower without her knowledge or consent.

79. As a direct and proximate result of the voyeurism committed by Defendant Kautz, Ms. Murphy suffered severe injury and harm and is entitled to general and special damages, as further set forth herein.

## SIXTH CLAIM: SEXUAL ASSAULT

80. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

81. In Wyoming, a person who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if the person causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement.

82. Defendant Kautz committed the offense of sexual assault when he had sex with Ms. Murphy against her will after caused submission of Ms. Murphy by strangling her until she passed out.

83. As a direct and proximate result of the sexual assault committed by Defendant Kautz, Ms. Murphy suffered severe injury and harm and is entitled to general and special damages, as further set forth herein.

## DAMAGES

84. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

85. As a direct and proximate result of Defendant's intentional, knowing and reckless acts and omissions, Ms. Murphy suffered severe injuries and damages, including but not limited to:

    a. Past, present and future medical expenses, in an amount to be proven at trial;

    b. Past, present and future loss of income and earning capacity in an amount to be proven at trial;

    c. Other economic loss;

    d. Past, present and future physical, mental, and emotional pain and suffering damages, in an amount to be proven at trial;

    e. Past, present and future loss of enjoyment of life in an amount to be proven at trial;

    f. Past, present and future disfigurement and disability in an amount to be proven at trial;

    g. Past, present and future caretaking expenses in an amount to be proven at trial;

    h. Past, present and future pecuniary losses in an amount to be proven at trial;

    i. Punitive damages in a reasonable amount to be proven at trial sufficient to adequately punish Defendant, and to serve as a deterrent and warning against future conduct of the type alleged in this *Complaint*;

    j. All allowable costs, expenses, and fees associated with this litigation; and

    k. All other damages allowed under the laws of the State of Wyoming.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court grant judgment as follows:

    a. Judgment against Defendant for economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

    b. Judgment against Defendant for non-economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

    c. Judgment against Defendant for punitive damages in an amount consistent with the allegations contained herein and to be proven at trial; and,

    d. Judgment for costs, expenses, fees, interest, and other such further relief as the Court deems just and equitable.

Dated  9-17-2020  .

Alex. F. Freeburg, Bar No. 7-5182
Ethan K. Morris, Bar. No. 7-6439
Freeburg Law, LLC
Box 3442
Jackson, WY 83001

## DEMAND FOR JURY TRIAL

Plaintiff, through counsel, requests that this matter be tried to a jury, pursuant to Federal Rule of Civil Procedure 38.

Dated  9.17.2020  .

*[signature]*

Alex. F. Freeburg, Bar No. 7-5182
Ethan K. Morris, Bar No. 7-6439
Freeburg Law, LLC
Box 3442
Jackson, WY 83001