Stuart R. Day WSB #5-2244
P. Craig Silva WSB #6-3066
Alia T. Scott WSB #7-5703
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net
csilva@wpdn.net
ascott@wpdn.net

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISRICT OF WYOMING

| | |
|---|---|
| MORGAN MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 20-CV-179 |
| | ) |
| MATTHEW KAUTZ, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND AND DEFENDANT KAUTZ'S COUNTERCLAIM

Defendant Matthew Kautz ('Kautz'), by and through his undersigned counsel of record, and for his *Answer* to Plaintiff's *Complaint and Jury Demand* as follows:

**1.** In response to paragraph 1 of Plaintiff's *Complaint and Jury Demand*, Kautz admits the following:

o that in January 2018 he and Morgan Murphy began a personal and intimate relationship;

o that Morgan Murphy moved to Lander, Wyoming in the winter of 2018;

o that Matthew Kautz was living in Los Angeles, California when Murphy moved to Lander, Wyoming;

- o       that Matthew Kautz visited Morgan Murphy in Lander, Wyoming in March, 2018;

- o       that Matthew Kautz applied for and was hired as a seasonal employee at the National Outdoor Leadership School (NOLS) in Lander, Wyoming;

- o       that Morgan Murphy invited Matthew Kautz to live with her in her home in Lander, Wyoming; and

- o       that Morgan Murphy suffered an injury to her hand.

Matthew Kautz denies the following:

- o       that beginning on May 5, 2018 up to the time that the relationship between Morgan Murphy and Matthew Kautz ended Morgan Murphy suffered as the result of any conduct on the part of Matthew Kautz;

- o       that Morgan Murphy experienced verbal abuse and constant mind games, physical abuse, battery and rape;

- o       that Morgan Murphy suffered severe mental and emotional trauma.

Matthew Kautz is without knowledge sufficient to form a belief as to the truth of the remaining allegation set forth therein.

2.      In response to paragraph 2 of Plaintiff's *Complaint and Jury Demand*, Kautz admits that he resided with Morgan Murphy in Lander, Wyoming from May, 2018 to September 22, 2018. Matthew Kautz denies each and every other allegation set forth therein.

3.      In response to paragraph 3 of Plaintiff's *Complaint and Jury Demand*, Kautz admits that Morgan Murphy lived in Lander, Wyoming beginning in May, 2018. Kautz is without knowledge sufficient to form a belief as to the truth of the remaining allegations set forth therein.

4.      In response to paragraph 4 of Plaintiff's *Complaint and Jury Demand*, Kautz resided in Lander, Wyoming from May 2018 to September 22, 2018.

5. In response to paragraph 5 of Plaintiff's *Complaint and Jury Demand*, Kautz admits the allegation set forth therein.

6. In response to paragraph 6 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

7. In response to paragraph 7 of Plaintiff's *Complaint and Jury Demand*, Kautz is without knowledge sufficient to form a belief as to the truth of the allegations regarding Morgan Murphy's citizenship and therefore denies the same. Kautz denies the remaining allegations set forth therein.

8. In response to paragraph 8 of Plaintiff's *Complaint and Jury Demand*, Kautz admits that the paragraph sets forth an accurate quote of the provisions of W.S. § 1-3-105.

9. In response to paragraph 9 of Plaintiff's *Complaint and Jury Demand*, Kautz admits that any claim for battery is barred by the applicable statute of limitations. Kautz denies the remaining allegations set forth therein.

10. In response to paragraphs 10, and 11 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

11. In response to paragraph 12 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 11 as if the same were set forth in full herein.

12. In response to paragraphs 13, 14, 15, 16, 17 and 18 of Plaintiff's *Complaint and Jury Demand*, Kautz admits the allegations set forth therein.

13. In response to paragraphs 19, 20, 21, 22, 23, 24 and 25 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

14. In response to paragraphs 26 and 27 of Plaintiff's *Complaint and Jury Demand*, Kautz is without knowledge sufficient to form a belief as to the truth of the allegations regarding the allegations set forth therein.

15. In response to paragraphs 28, 29, 30, 31, 32, 33, 34 and 35 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

16. In response to paragraph 36 of Plaintiff's *Complaint and Jury Demand*, Kautz admits that Morgan Murphy calmed down, applied ice to her injury, went to bed, went to work the next morning and then subsequently sought medical care for her injury. Kautz is without knowledge sufficient to form a belief as to truth of the remaining allegations set forth therein.

17. In response to paragraphs 37, 38, 39, 40, 41 42, 43, 44, 45, 46 and 47 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

18. In response to paragraph 48 of Plaintiff's *Complaint and Jury Demand*, Kautz lacks information sufficient to form a belief as to the truth of the allegations asserted therein. Kautz denies taking nude photographs of Morgan Murphy without her consent.

19. In response to paragraph 49 of Plaintiff's *Complaint and Jury Demand*, Kautz admits he took photographs with his phone. Kautz denies he took nude photographs of Morgan Murphy against her will and without her consent.

20. In response to paragraph 50 of Plaintiff's *Complaint and Jury Demand*, Kautz admits the allegations set forth therein.

21. In response to paragraph 51 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

22. In response to paragraph 52 of Plaintiff's *Complaint and Jury Demand*, Kautz admits that Morgan Murphy contacted Matthew Kautz' parents expressing concern about Matthew

Kautz. Kautz is without knowledge sufficient to form a belief as to the truth of the remaining allegations set forth therein.

23. In response to paragraph 53 of Plaintiff's *Complaint and Jury Demand*, Kautz admits the allegations set forth therein.

24. In response to paragraph 54 of Plaintiff's *Complaint and Jury Demand*, Kautz admits he contacted Morgan Murphy after Kautz returned to Arizona.

25. In response to paragraph 55 of Plaintiff's *Complaint and Jury Demand*, Kautz admits he discussed hurting himself in communications with Morgan Murphy. Kautz denies the remaining allegations set forth therein.

26. In response to paragraph 56 of Plaintiff's *Complaint and Jury Demand*, Kautz admits the allegations set forth therein.

27. In response to paragraph 57 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 56 as if the same were set forth in full herein.

28. In response to paragraph 58 of Plaintiff's *Complaint and Jury Demand*, Kautz states his good faith belief that no response is required.

29. In response to paragraphs 59, 60 and 61 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

30. In response to paragraph 62 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 61 as if the same were set forth in full herein.

31. In response to paragraph 63 of Plaintiff's *Complaint and Jury Demand*, Kautz states his good faith belief that no response is required.

32. In response to paragraphs 64, 65 and 66 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

33. In response to paragraph 67 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 66 as if the same were set forth in full herein.

34. In response to paragraph 68 of Plaintiff's *Complaint and Jury Demand*, Kautz states his good faith belief that no response is required.

35. In response to paragraphs 69, 70 and 71 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

36. In response to paragraph 72 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 71 as if the same were set forth in full herein.

37. In response to paragraph 73 of Plaintiff's *Complaint and Jury Demand*, Kautz states his good faith belief that no response is required.

38. In response to paragraphs 74 and 75 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

39. In response to paragraph 76 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 75 as if the same were set forth in full herein.

40. In response to paragraph 77 of Plaintiff's *Complaint and Jury Demand*, Kautz states his good faith belief that no response is required.

41. In response to paragraphs 78 and 79 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

42. In response to paragraph 80 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 79 as if the same were set forth in full herein.

43. In response to paragraph 81 of Plaintiff's *Complaint and Jury Demand*, Kautz states his good faith belief that no response is required.

44. In response to paragraphs 82 and 83 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

45. In response to paragraph 84 of Plaintiff's *Complaint and Jury Demand*, Kautz asserts his responses to paragraphs 1 through 83 as if the same were set forth in full herein.

46. In response to paragraph 85 of Plaintiff's *Complaint and Jury Demand*, Kautz denies the allegations set forth therein.

47. Matthew Kautz denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant Matthew Kautz asserts Affirmative Defenses to *Plaintiff's Complaint and Jury Demand* as follows:

1. Plaintiff's *Complaint* fails to state a claim upon which relief can be granted.

2. Plaintiff's *Complaint* fails to state a claim for relief because Wyo. Stat. § 6-2-509 (LexisNexis 2019) does not create a cause of action for strangulation; instead, those allegations apply to the battery claim.

3. Many of Plaintiff's claims are barred by the statute of limitations. *See e.g.* Wyo. Stat. § 1-3-116 (LexisNexis 2019). The tolling provision of Wyo. Stat. § 1-3-116 (LexisNexis 2019) does not apply because there is no evidence that Kautz had departed from the State of Wyoming in such a manner that he was beyond the reach of service of process. *Tarter v. Insco*, 550 P.2d 905 (Wyo. 1976). Generally there is no reason for application of the tolling statute unless where service is impossible or unusually difficult. *Id.* From the *Complaint* alone this is self-evident because Kautz had legal counsel for all aspects of the protection order process. ¶ 56 *Complaint*. The battery claims and any derivative claims are barred by the applicable statute of limitations.

4. Kautz affirmatively asserts that at times contact between the Plaintiff and Kautz was justified, provoked, and necessary as a component of self-defense for Kautz.

5. All applicable defenses found in F.R.C.P. 8(c).

6. If, it is found, through facts and discovery that Wyo. Stat. 1-1-109 (LexisNexis 2019) comparative fault statute applies, then it should be applied to reduce any fault of Kautz. It should be noted that Kautz denies he is at fault.

7. Plaintiff had an obligation to mitigate her damages as alleged in her *Complaint*. Plaintiff had a legal obligation to take reasonable steps under the circumstances to reduce her injuries and damages, and any damages resulting from a failure to take such reasonable steps cannot be recovered. W.C.P.J.I. 4.08.

8. Kautz reserves the right to list additional Affirmative Defenses as discovery in this matter has not yet commenced in accordance with the applicable Federal and Local Rules of Civil Procedure and any Order entered in this matter.

## COUNTERCLAIMS

Defendant Matthew Kautz ("Kautz"), by and through his counsel, hereby counterclaims Plaintiff Morgan Murphy, and states and alleges as follows:

### JURISDICTION AND PARTIES

1. Plaintiff has brought claims against Kautz arising out of the Parties romantic relationship.

2. The Counterclaims concern and arise out of the facts and allegations made in Plaintiff's *Complaint*.

3. Upon information and belief, Plaintiff is a resident of California.

4. Kautz is currently a resident of Arizona and is residing in Arizona.

5. As admitted by Kautz, jurisdiction is proper within this Court pursuant to 28 U.S.C.A. § 1332 as the Parties are citizens of different states.

6. As admitted by Kautz, venue is proper pursuant to 28 U.S.C.A. § 1391 as the events giving rise to the claims in this lawsuit occurred in Wyoming.

## FACTS COMMON TO ALL CLAIMS

7. Kautz incorporates his responses contained in paragraphs 1 through 6 of this Counterclaim as if the same were set forth in full herein.

8. Kautz and Plaintiff were participating in a relationship and sharing the same residence during the time that Kautz lived in Lander, Wyoming.

9. Plaintiff alleged that certain events occurred in the *Complaint* filed on her behalf in the above referenced matter.

10. Kautz has denied the alleged events took place as asserted by Plaintiff.

## COUNTERCLAIM I:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11. Kautz incorporates his responses contained in paragraphs 1 through 10 of this Counterclaim as if the same were set forth in full herein.

12. Plaintiff intentionally filed this law suit and intentionally alleged the facts and accusations contained therein.

13. Plaintiff's conduct of filing this law suit with such inflammatory and false accusations contained therein is extreme and outrageous. Plaintiff's allegations contained in this law suit have caused Kautz to suffer severe emotional distress.

## COUNTERCLAIM II:
## DEFAMATION *PER SE*

14. Kautz incorporates his responses contained in paragraphs 1 through 13 of this Counterclaim as if the same were set forth in full herein.

15. Plaintiff has made false and per se defamatory statements which impute criminal offenses, conduct, characteristics, serious sexual misconduct and conditions that would adversely affect Kautz's fitness for the proper conduct of his lawful business, trade profession or public or private office as well as his private life.

16. Plaintiff has made an unprivileged publication to a third party regarding these per se defamatory statements by filing this law suit.

17. Kautz asserts on information and belief that Plaintiff has published her defamatory statements to others who now will no longer associate with Kautz.

18. At the time Plaintiff filed this law suit, she knew these per se defamatory statements were false.

19. Kautz has suffered loses and emotional injuries as a result of Plaintiff's per se defamatory statements.

**WHEREFORE**, Matthew Kautz, hereby respectfully requests that the Court Order as follows:

1. That Plaintiff take nothing by her *Complaint and Jury Demand*;

2. For a judgment finding Morgan Murphy intentionally inflicted emotional distress against Matthew Kautz;

3. For judgment in Matthew Kautz's favor against Morgan Murphy in the amount to be proven at trial for damages Matthew Kautz suffered as a result of Morgan Murphy's intentional infliction of emotional distress against Matthew Kautz;

4. For judgment finding Morgan Murphy defamed Matthew Kautz;

5. For judgment in Matthew Kautz's favor against Morgan Murphy in the amount to be proven at trial for damages Matthew Kautz suffered as a result of Morgan Murphy's defamation per se.

6. For an award equal to Matthew Kautz's attorneys' fees;

7. For the costs of suit incurred herein; and

8. For such other and further relief as the Court deems just and proper.

**DATED** this 26th day of October, 2020.

**Defendant Matthew Kautz**

/s/ Stuart R. Day
Stuart R. Day WSB #5-2244
Alia T. Scott WSB #7-5703
P. Craig Silva WSB #6-3066
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net
csilva@wpdn.net
ascott@wpdn.net